[Cite as *State v. Crawford*, 2013-Ohio-927.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120316 |
| | | TRIAL NO. B-1001613 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N.* |
| ANDRE CRAWFORD, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Sentence Vacated, and Cause Remanded

Date of Judgment Entry on Appeal: March 15, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michaela M. Stagnaro*, for Defendant-Appellant.

Please note: this case has been removed from the accelerated calendar.

**Sylvia Sieve Hendon, Presiding Judge.**

{¶1} Andre Crawford appeals his conviction for burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. We affirm Crawford's conviction, but we vacate the sentence and remand the matter to the trial court for resentencing under R.C. 2929.14(A)(3)(a).

*Weight and Sufficiency of the Evidence*

{¶2} In his first assignment of error, Crawford challenges the weight and sufficiency of the evidence upon which his conviction was based. Specifically, he argues that the state had failed to prove that he was the perpetrator of the offense.

{¶3} The state presented evidence at trial that a neighbor had seen Crawford coming from behind a house that had a broken window and an open rear door. Two men who confronted him as he walked away from the home with a bag over his shoulder identified Crawford in the courtroom. A DNA profile obtained from fresh blood found on the house's rear door matched Crawford's DNA profile. After defense counsel requested that specimens from the fresh blood found on both sides of the broken window be tested, both were found to have DNA profiles that matched Crawford's. And when Crawford was presented with the latter results at a court hearing, he fled from the courtroom.

{¶4} To find Crawford guilty of burglary, in violation of R.C. 2911.12(A)(3), the trier of fact had to find that he had trespassed in an occupied structure by force, stealth, or deception with the purpose to commit in the structure any criminal offense. Following our review of the record, we have no doubt that a rational juror, viewing the evidence in a light most favorable to the state, could have found that the state had proved beyond a reasonable doubt that Crawford had committed the burglary offense. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. Therefore, the evidence presented was legally sufficient to sustain Crawford's conviction.

{¶5} Crawford argues that the state's witnesses lacked credibility because their testimony conflicted in certain respects, and their testimony with regard to his identity was not believable. However, the weight to be given the evidence and the credibility of witnesses were primarily for the trier of fact. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. This is not an "exceptional case in which the evidence weighs heavily against the conviction." *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Accordingly, we overrule the first assignment of error.

### *Sentencing*

{¶6} In his second assignment of error, Crawford argues that the trial court erred by sentencing him to 58 months in prison because the term is contrary to law. We agree. Crawford had been previously convicted "in two or more separate proceedings [of] two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code." So, under R.C. 2929.14(A)(3)(a), the "prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." The fifty-eight month prison term imposed by the trial court was not provided for by the statute. We sustain the second assignment of error.

### *Conclusion*

{¶7} Consequently, we vacate Crawford's sentence and remand this matter to the trial court for resentencing. In all other respects, we affirm the trial court's judgment.

Judgment accordingly.

**HILDEBRANDT** and **DEWINE, JJ.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

3